**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-03000-RM-NYW

HOMESITE INDEMNITY COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

DREW DOVERSPIKE,
VIVAN ANDREA DOVERSPIKE, and
JESUS AMPARAN,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's motion for default judgment as to Defendant Amparan (ECF No. 25). For the reasons below, the motion is granted.

### I.    LEGAL STANDARD

"[E]ven after entry of default, the Court must decide whether the unchallenged facts create a legitimate basis for entry of a judgment." *Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted). Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted).

## II.   BACKGROUND

According to the complaint, Plaintiff issued an insurance policy to the Doverspike Defendants.  While the policy was in effect, the Doverspike Defendants' dog bit Defendant Amparan.  The following day, Plaintiff's claim representative determined that the Doverspike Defendants had made a material misrepresentation in their insurance application by stating that they did not have a dog that had ever bitten a person.  Plaintiff cancelled the policy and then brought this action seeking a declaratory judgment that no benefits, defense, or indemnity are owed under the policy for the claims, damages, or losses suffered by Defendant Amparan or any other individual or entity.  After Defendant Amparan was served with the complaint and failed to respond, Plaintiff moved for entry of default.  The Clerk of the Court entered default on December 16, 2019 (ECF No. 11).  Plaintiff now moves for entry of default judgment as to Defendant Amparan.

## III.   ANALYSIS

The Court first finds the jurisdictional prerequisites for granting default judgment are satisfied in this case.  The Court has subject matter jurisdiction because Defendants are Colorado residents and Plaintiff is not and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  In addition, the Court has personal jurisdiction over Colorado residents.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) ("[T]he plaintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials.").

Next, the Court finds that the well-pleaded allegations in the complaint constitute a legitimate basis for entry of a judgment against Defendant Amparan.  The complaint alleges that once Plaintiff determined the Doverspike Defendants had made a material representation in their insurance application, it rescinded the policy and refunded the premium.  By the terms of the policy, Plaintiff does not provided coverage to insureds who have made false statements relating to the insurance.  The Court further finds that a default judgment should be entered against Defendant Amparan, who was served with the complaint and summons, satisfies the prerequisites for default judgment, and has not participated this case.

## IV.   CONCLUSION

Accordingly, the Court GRANTS Plaintiff's motion for default judgment as to Defendant Amparan (ECF No. 25) and ORDERS that default judgment be entered as follows:

(1)   Plaintiff is entitled to rescind and/or void the policy from the date of its inception, October 1, 2018; and

(2)   No benefits, defense, or indemnity are owed under the policy for the claims, damages, or losses suffered by Defendant Amparan or any other individual or entity.

SO ORDERED.

DATED this 29th day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge